UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALBERTA GOODMAN

CIVIL ACTION NO.

VERSUS

19-229-SDD-EWD

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 21, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALBERTA GOODMAN

VERSUS

NATIONWIDE AGRIBUSINESS
INSURANCE COMPANY, ET AL.

CIVIL ACTION NO.

19-229-SDD-EWD

### MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand[1] filed by plaintiff, Alberta Goodman ("Plaintiff"). Defendant, James River Insurance Company ("James River") has filed an opposition.[2] For the reasons set forth herein, it is recommended[3] that the Motion to Remand[4] be granted and that this suit be remanded to the 18th Judicial District Court, Iberville Parish, State of Louisiana.

I.   **Background**

On January 18, 2017, Plaintiff filed a Petition for Damages against AG Logistics, LLC ("AG Logistics"), Telly Georgetown ("Georgetown") (collectively, the "Insureds"), and their insurer, Nationwide Agribusiness Insurance Company ("Nationwide"), for damages allegedly sustained in a January 20, 2016 automobile accident.[5] On February 19, 2019, Plaintiff, Nationwide, and the Insureds executed a document titled "*Gasquet* Partial Settlement Agreement and Receipt and Release" (the "Partial Settlement").[6]

---

[1] R. Doc. 6.

[2] R. Doc. 8.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 6.

[5] R. Doc. 1-1.

[6] R. Doc. 1-3.

1

On or about March 22, 2019, Plaintiff filed a First Supplemental and Amended Petition for Damages (the "Amended Petition") adding James River, the Insureds' alleged excess insurer, as a defendant.[7] James River filed a Notice of Removal pursuant to 28 U.S.C. § 1332 on April 18, 2019.[8] Plaintiff then filed the instant Motion to Remand.[9] Plaintiff argues that remand is required because both the Insureds and Plaintiff are Louisiana citizens such that this Court lacks subject matter jurisdiction. Additionally, Plaintiff argues that remand is proper due to procedural deficiencies in the Notice of Removal; specifically, the Insureds' failure to join in the Notice of Removal and James Rivers' failure to remove this suit within one year of its commencement. Because remand is recommended based on the lack of federal subject matter jurisdiction, it is not necessary to reach Plaintiff's arguments based on alleged procedural deficiencies.

II.    **Law and Analysis**

   A.  **Removal Standard**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[10] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and

---

[7] R. Doc. 1-2. The Amended Petition continues to name the Insureds and Nationwide as defendants. R. Doc. 1-2.

[8] R. Doc. 1. With respect to the amount in controversy, and in response to an April 26, 2019 *sua sponte* Order of this Court, R. Doc. 4, James River submitted a Brief Supporting Existence of Amount in Controversy. R. Doc. 5. Therein, James River states that "Plaintiff's counsel has communicated that he seeks an additional $1 million from James River Insurance." R. Doc. 5, p. 1. James River further asserts that "the mere fact that plaintiff elected to settle with the primary insurer for $925,000 – despite the primary policy limits being $1,000,000 – and then pursued claims against the excess insurer supports the existence of the requisite amount in controversy." *Id*. James River also contends that Plaintiff's past and future medical expenses appear to seek "an amount up to 846,485" and cites the Judgment entered in *McAdams v. Mack, et al.*, No. C-644,205, 2018 WL 7133846 (19th JDC, Sept. 21, 2018) where "the Court awarded $500,000 in general damages to the plaintiff who alleged injury to the lumbar spine and underwent numerous pain management procedures including multiple RFAs and for whom a spinal cord stimulator was recommended." R. Doc. 5, p. 4. The Motion to Remand does not allege that amount in controversy is lacking. Based on the information provided, James River has met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

[9] R. Doc. 6.

[10] 28 U.S.C. § 1441(a).

2

costs."[11] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[12] Generally, in removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[13] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[14] The removing party has the burden of proving federal diversity jurisdiction.[15] Remand is proper if at any time the court lacks subject matter jurisdiction.[16]

### B. AG Logistics and Georgetown are Not Nominal Defendants for purposes of this Court's Subject Matter Jurisdiction

Although James River recognizes that Plaintiff's citizenship is not diverse from Georgetown and AG Logistics, James River asserts that the Partial Settlement "effectively removed Nationwide Agribusiness Insurance Company, AG Logistics, LLC, and Telly Georgetown as party defendants in this case."[17] According to James River, "Plaintiff's voluntary action in terminating her claims against the non-diverse defendants through compromise renders [the Insureds and Nationwide] nominal parties which present no bar" to removal.[18]

---

[11] 28 U.S.C. § 1332(a)-(a)(1).

[12] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[13] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).

[14] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[15] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[16] *See*, 28 U.S.C. § 1447(c).

[17] R. Doc. 1, ¶ 9. With respect to the citizenship of the parties, James River alleges that Plaintiff is a Louisiana citizen and James River is an Ohio corporation with its principal place of business in Virginia. R. Doc. 1, ¶¶ 7-8. Nationwide is alleged to be an Iowa corporation with its principal place of business in Iowa, while both Georgetown and AG Logistics are alleged to be Louisiana citizens. R. Doc. 1, ¶¶ 10-12.

[18] R. Doc. 1, ¶ 15.

3

"In determining diversity jurisdiction, 'a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'"[19] "In determining whether a party is nominal, a court asks 'whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable.'"[20] The Fifth Circuit has stated that "the bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing defendant in state court."[21]

Where a plaintiff has "effectively eliminated" the nondiverse defendant(s) *via* a settlement, the case becomes removable.[22] James River contends that the Partial Settlement renders Nationwide, Georgetown, and AG Logistics nominal defendants whose citizenship may be disregarded for purposes of determining diversity jurisdiction. "The question of whether a named defendant is a nominal party depends on the facts in each case."[23] Here, to determine whether the

---

[19] *Bynane v. Bank of New York Mellon for CWMBS, Incorporated Asset-Back Certificates Series 2006-24*, 866 F.3d 351, 356 (5th Cir. 2017) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).

[20] *In re Beazley Ins. Co.*, 2009 WL 7361370, at * 4 (5th Cir. May 4, 2009) (quoting *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir.2006)) (quotation marks omitted)).

[21] *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 872 (5th Cir. 1991). *See also*, *id*. at 871 ("To establish that non-removing parties are nominal parties, 'the removing party must show…that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'"). The Fifth Circuit has also found a party to be nominal "if its role is restricted to that of a 'depositary or stakeholder,' e.g., one 'who has possession of the funds which are the subject of litigation [and]…must often be joined purely as a means of facilitating collection.'" *In re Beazley Ins.*, 2009 WL 7361370, at * 4 (citing *Union Oil Co.*, 458 F.3d at 367; *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)).

[22] *Estate of Martineau v. ARCO Chemical Co*., 203 F.3d 904, 911 (5th Cir. 2000) (holding, in light of a binding and enforceable settlement agreement, that plaintiff "intended to abandon litigation against Sweeney, and he effectively eliminated the nondiverse defendant."); *Hargrove v. Bridgestone/Firestone North American Tire, LLC*, 10-cv-0318, 2012 WL 692410, at * 3-4 (W.D. La. March 2, 2012) ("Where, as here, there is a voluntary action by the plaintiff, i.e., the execution of settlement documents showing no intention of proceeding against those particular defendants, the case becomes removable" and further noting "the fact that the judgment of dismissal had not been signed by the State court is of no consequence – what matters is that there was an 'expression of intent by plaintiff which makes the case removable.'") (internal citation omitted); *Landry v. Eagle, Inc.*, Civil Action No. 12-1022, 2012 WL 2338736, at * 3 (E.D. La. June 19, 2012) ("Settlement by a plaintiff with all nondiverse defendants has been held to render a case removable, provided the settlement is irrevocable, binding, and enforceable under state law.").

[23] *In re Beazley Ins. Co.*, 2009 WL 7361370, at * 4 (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)).

4

Insureds' citizenship can be disregarded for purposes of this Court's subject matter jurisdiction, the specific terms of the Partial Settlement must be considered.

Per the terms of the Partial Settlement, the "Released Parties" are (1) Nationwide and (2) the Insureds "to the extent that [the Insureds were] insured by [Nationwide] and for any liability above and beyond that which is covered by any available insurance."[24] The Partial Release releases the Released Parties from "Released Claims" and provides:

> Subject to the reservation of rights set forth in the next paragraph, Plaintiff releases AG Logistics, LLC from any personal liability that exceeds available insurance coverage or potential excess judgment. Subject to the reservation of rights set forth in the next paragraph, Plaintiff releases Telly Georgetown from any personal liability that exceeds available insurance coverage or potential excess judgment. Plaintiff reserves the right to pursue any third party and/or additional insurers that may have insured AG Logistics, LLC and/or provided coverage for the subject accident and/or Plaintiff's claims including, but not limited to, James River Insurance Company.[25]

The Partial Release then sets out a Reservation of Rights providing, *inter alia*, that:

> Plaintiff reserves all rights against any and all non-parties, including any Non-Settling Insurers, which specifically includes, but is not limited to, James River Insurance Company, and/or any other potential insurance companies or third parties that may be responsible for this matter. Telly Georgetown and AG Logistics, LLC shall remain party defendants in the Legal Action. Plaintiff hereby reserves the right to proceed against Telly Georgetown and AG Logistics, LLC, and any third party that may be responsible for their actions/inactions.[26]

Finally, the Partial Release includes the following provision regarding Judgments:

> AG Logistics, LLC and Telly Georgetown shall remain parties to the action for the entire time necessary for Plaintiff to maintain a direct action against Non-Settling Insurer and actions against third parties (that are not a party to this agreement), to collect on

---

[24] R. Doc. 1-3, pp. 1-2, ¶6(a)&(b).

[25] R. Doc. 1-3, p. 2, ¶ 8.

[26] R. Doc. 1-3, p. 2, ¶ 9.

5

judgments rendered against Non-Settling Insurer, and/or those third parties.

Plaintiff agrees that any judgment rendered against AG Logistics, LLC and/or Telly Georgetown in excess of insurance coverage, and any other Released Party in such direct action against Non-Settling Insurers, and/or other third parties will not be executed against AG Logistics, LLC and/or Telly Georgetown or any other Released Party personally (except to the extent of insurance coverage).

Any judgment entered against AG Logistics, LLC, Telly Georgetown, and/or any other Released Party (personally) in excess of insurance coverage, will be released and marked as satisfied by Plaintiff when the liability of Non-Settling Insurers under such judgment has been satisfied. Alternatively, in the event that Plaintiff's claims against the Non-Settling Insurers is fully and finally resolved by settlement or by definitive adverse judgment, then neither AG Logistics, LLC, Telly Georgetown, nor any other Released Party should have any further liability to Plaintiff arising out of the Accident.[27]

The Partial Settlement purports to be a *Gasquet* release. As explained by one court, "Louisiana lawyers use "*Gasquet*" as a term of art to denote a type of release in which a plaintiff settles with and releases a defendant insured and its primary insurer but reserves his or her right to pursue additional amounts available through the insured's excess insurance policy."[28] "[B]y executing a *Gasquet* release in a settlement agreement, a plaintiff (1) releases the primary insurer entirely, and (2) releases the insured 'from all claims which might be recovered from [the insured] directly,' reserving claims against the insured '*only* to the extent that *collectible* coverage' is afforded by an excess insurance policy."[29] "One of the key features of a *Gasquet* release is that although the insured remains a nominal defendant in order to allow the plaintiff to attempt to

---

[27] R. Doc. 1-3, p. 3, ¶ 10.

[28] *RSUI Indemnity Co. v. American States Ins. Co.*, 127 F.Supp.3d 649, 657 (E.D. La. 2015).

[29] *Id.* (emphasis added by *RSUI* Court). In *Gasquet*, plaintiff settled with and released the insured's primary insurer, credited the excess insurer, Stonewall, the total amount of the underlying primary policy, reserved "all claims against Stonewall (in excess of the $300,000 primary insurance coverage)," and released the insured "from all claims which might be recovered [from the insured] directly, but specifically reserving [plaintiff's] claims only to the extent that collectible coverage is afforded [to insured] by the said policy of excess insurance issued by Stonewall…." *Gasquet v. Commercial Union Ins. Co.*, 391 So. 2d 466, 470-471 (La. App. 4 Cir. 1980).

collect additional amounts from the excess insurer, the insured is not personally exposed to any further liability, including any amounts that the plaintiff cannot collect from the excess insurer – for example, if the excess insurer goes bankrupt."[30]

Some courts in this Circuit have characterized insureds who enter *Gasquet* releases as "nominal" parties.[31] Other courts have reached a contrary result.[32] Here, however, the Partial Release does not appear to meet the requirements of a *Gasquet* release in the first instance because the Insureds have not been released to the full extent of their own direct liability. Although the Partial Release entirely releases the Insureds' primary insurer,[33] the Partial Release does not release the Insureds from all claims which might be recovered from the Insureds directly. Plaintiff reserved her right to proceed against the Insureds[34] and, significantly, only agreed that she would not execute any judgment against the Insureds "in excess of insurance coverage."[35] While the Insureds are released "from any personal liability that exceeds available insurance coverage or potential excess judgment,"[36] the Partial Release does not release the Insureds for direct liability within the available insurance coverage.

---

[30] *Id.*

[31] *See*, *RSUI*, 127 F.Supp.3d at 657 ("Procedurally, after a *Gasquet* release is executed the insured remains in the lawsuit as a 'nominal' defendant while the plaintiff pursues recovery from the excess insurer."); *Jones v. Travelers Indem. Co.*, No. 6:18-cv-946, 2018 WL 6684584, at * 3 (W.D. La. Dec. 19, 2018) (discussing *Gasquet* release and noting "[h]ad the Court allowed Rose [who was released *via* a partial *Gasquet* release] to be named as a party defendant (nominal defendant) diversity jurisdiction would remain."). In addition to *Jones v. Travelers*, James River relies on *Gore v. Robertson*, Civil Action No. 14-749, 2015 WL 5749459 (M.D. La. Sept. 30, 2015), asserting that in *Gore*, this Court "did not raise any subject matter jurisdiction concerns" "despite the existence of non-diverse nominal defendants following a *Gasquet* release among selected parties." R. Doc. 8, p. 8. The issue raised in *Gore*, however, was whether defendant's removal was timely. No party raised the effect of the *Gasquet* release.

[32] *See*, *Durel v. Howard*, Civil Action No. 13-5991, 2013 WL 6499723, at * 2 (E.D. La. Dec. 11, 2013); *Tipton v. Landen*, Civil Action No. 6:15-cv-02811, 2016 WL 919539, at * 5 (W.D. La. March 8, 2016).

[33] R. Doc. 1-3, ¶ 8 ("Except for the obligations assumed by Settling Insurer in this Agreement, Plaintiff fully releases Settling Insurer from any further liability arising out of the Accident.").

[34] R. Doc. 1-3, ¶ 9.

[35] R. Doc. 1-3, ¶ 10.

[36] R. Doc. 1-3, ¶ 8.

At best, the Partial Release is ambiguous. While the Partial Release does not release the Insureds from all direct liability, the Partial Release also provides that "[i]t is the intent of the parties that the [Partial Release] follow…cases [including *Gasquet*] that recognize the rights of injured parties to settle with insureds and underlying insurers with the reservation of rights to pursue claims against other potential insurers or third parties. All parties understand and acknowledge that this is a *Gasquet* settlement and release, which leaves Plaintiff with unencumbered claims against Non-Settling Insurers (specifically including, but not limited to, James River Insurance Company, excess insurer of AG Logistics, LLC), and/or any other third party that may be responsible for this matter."[37] The arguable ambiguity strengthens the conclusion that the Insureds' citizenship should be considered for purposes of determining the existence of federal subject matter jurisdiction because, as noted above, any doubt regarding jurisdiction must be resolved in favor of remand.[38] While there are instances in which a court may consider limited "summary judgment-type" evidence when determining subject matter jurisdiction,[39] considering outside evidence to determine the intent of the parties (because the Partial Release is ambiguous) would involve a more extensive consideration than that generally allowed in the context of determining federal subject matter jurisdiction,[40] and the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction...."[41]

---

[37] R. Doc. 1-3, ¶ 9.

[38] *Gasch*, 491 F.3d at 281-82.

[39] *See*, *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004).

[40] While the *RSUI* Court did consider parole evidence to resolve ambiguity regarding the existence of a *Gasquet* release, it did so after a bench trial.

[41] *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Even if considered a *Gasquet* release, courts in the Eastern District have found that such insureds are not nominal parties. *See*, *Durel*, 2013 WL 6499723, at * 2 ("The tortfeasor in *Gasquet* was not dismissed by the plaintiff, but instead proceeded as a proper defendant throughout the trial of the case and on appeal. The circumstances in *Gasquet* likely would have precluded removal had it been attempted. Although the plaintiff in that case released his right to collect from the in-state tortfeasor directly, he retained a very real and specific claim against the tortfeasor, and the tortfeasor remained a true, proper party

While it is a close question, AG Logistics and Georgetown should not be considered nominal defendants whose citizenship can be disregarded. As AG Logistics and Georgetown are not diverse from Plaintiff, it is recommended that Plaintiff's Motion to Remand be granted based on a lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### III. Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that the Motion to Remand[42] be granted and that this suit be remanded to the 18th Judicial District Court, Iberville Parish, State of Louisiana.

Signed in Baton Rouge, Louisiana, on October 21, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

defendant."); *Tipton*, 2016 WL 919539, at * 5 (W.D. La. March 8, 2016) ("The settlement agreement that was executed by the [insureds] does not wholly relieve them of liability in this lawsuit. They are relieved of liability only to the extent of their insurance coverage, and the plaintiffs contractually agreed not to execute on a judgment against the [insureds] in any amount greater than the available insurance coverage. In order to reach the [insureds'] insurer, however, the plaintiffs must obtain a judgment against the [insureds]. It is well-settled in Louisiana jurisprudence that an insurer's liability is contingent upon proof of the negligence or tortious conduct of its insured.") (citing, *inter alia*, *Brown v. Unknown Driver*, 925 So. 2d 583, 590 (La. App. 4 Cir. 2006) ("The insurer's liability is contingent upon proof of the negligence or tortious conduct of the insured."); *Continental Cas. Ins. Co. v. RAS Management Co., Inc.*, 625 So. 2d 745, 748 (La. App. 1 Cir. 1993) ("regardless of whether an action is brought against the insurer alone or against the insurer and the insured, the liability of the insurer is premised on a finding of liability of the insured."). Plaintiff relies heavily on *Tipton* while James River argues that "*Tipton* is distinguishable because its outcome was clearly influenced by the court's overarching concerns for the forum defendant rule – which does not apply here because the sole remaining true party to the controversy is the foreign insurer." R. Doc. 8, p. 5. While James River is correct that the *Tipton* court considered whether an in-state insured's citizenship should be disregarded for purposes of 28 U.S.C. § 1441(b)(2), the undersigned sees no reason why this would change the analysis of whether a particular defendant should be considered "nominal."

[42] R. Doc. 6.